### ELIZABETH H. DYER *vs.* RODNEY F. DYER.

Under Pub. Stat. R. I. cap. 185, § 4, a decree of a Probate Court set off to a widow parts of her husband's realty to hold "upon the same terms and conditions and for the same period as she holds her estate of dower." The decree was appealed from, and was confirmed in this court. Pub. Stat. R. I. cap. 181, § 7, provides that, in case of an appeal from a decree of a Probate Court, the operation of the decree appealed from "shall be suspended until the decree shall be affirmed by the Supreme Court."

*Held*, that the decree setting off the realty to the widow took effect only at the time of its affirmance on appeal.

*Held*, further, that the widow was not entitled to the rents and profits of the realty accruing prior to such affirmance.

ASSUMPSIT. On demurrer to first count of declaration, and on demurrer to plea in bar.

*December* 12, 1891. PER CURIAM. This is an action of *assumpsit* to recover the sum of $1,100 for the use and occupation by the defendant of certain real estate set off to the plaintiff by the Probate Court of the town of Johnston, under the provisions of Pub. Stat. R. I. cap. 185, § 4.[1] The first count in the declaration sets forth "that the plaintiff, being the widow of John Dyer, late of the town of Johnston, deceased on the 14th day of June, 1890, petitioned the Probate Court of said town to set off to her certain parts of the real estate of her late husband in addition to her dower, as provided for in chapter 185 of the Public Statutes of Rhode Island; that said court, on the 11th of September, 1890, granted the prayer of said petition and set off to her by its decree, as such addition, certain real estate of her said husband, at the corner of High and Valley streets, in the city of Providence; that on September 20, 1890, the defendant, being the sole heir at law of said John Dyer, took an appeal from said decree to the Supreme Court of this State at its April Term, 1891; that said court at said term, to wit, on the 28th day of April, 1891, affirmed said decree of said Probate Court; that the said defendant remained in the possession, use, and occupation of said premises so set off to the plaintiff, and in receipt of the rents thereof, up to April 1, 1891; that the use and occupation of said premises, and the rents received therefor, amounted to the sum of eleven hundred dollars; and that by reason of the facts hereinbefore set forth the said defendant became liable, and to the

---

[1] As follows : —

SECT. 4. The widow of any deceased person shall, in all cases, be entitled to her apparel and to that of her children, and to such bedding and other household goods, supplies on hand, and such other property of the husband as is exempt from attachment by law, as the Court of Probate shall judge necessary, according to her situation and the circumstances of the estate ; and such part of the personal estate as the court shall allow to the widow shall not be assets, although inventoried in the hands of the executor or administrator ; and if there be no children of the deceased person, or their descendants, living at the time of the decease, the said Court of Probate shall also allow and set off to the widow such portion of the real estate of her deceased husband, which shall not be required for the payment of debts, as may be suitable for her situation and support, and be in accordance with the circumstances of the estate; and such widow shall hold such real estate, in addition to her dower, upon the same terms and conditions and for the same period as she holds her estate of dower.

plaintiff promised to pay her said sum on request." Said declaration also contains the common counts, together with a count for the use and occupation of certain tenements of the plaintiff, situated in the city of Providence, at the corner of High and Valley streets, and occupied by the defendant. The defendant has filed a demurrer to said first count, and has also pleaded the former judgment of this court in the matter of said set-off of real estate to the plaintiff, in bar of this action. The question raised by the demurrer is, whether or not the plaintiff is entitled to the rents and profits of the real estate set off to her in addition to dower, which accrued prior to the confirmation by this court of the decree of the Probate Court.

The plaintiff contends that she is entitled to said rents and profits from the time of the filing of her petition in the Probate Court to have said real estate set off to her, or, in any event, from the time when it was set off to her by the decree of said Probate Court. This contention is based upon the theory that said decree was never annulled, but that it was simply stayed until affirmed by this court, at which time it became operative the same as though no appeal had been taken. The defendant contends, on the other hand, that said decree did not become operative until affirmed by this court, and hence that the plaintiff is not entitled to any of the rents and profits prior to that time. We think the defendant's contention is the correct one. Section 4 of chapter 185, *ante,* provides that " if there be no children of the deceased person, or their descendants, living at the time of the decease, the said Court of Probate shall also allow and set off to the widow such portion of the real estate of her deceased husband, which shall not be required for the payment of debts, as may be suitable for her situation and support, and be in accordance with the circumstances of the estate; and such widow shall hold such real estate, in addition to her dower, upon the same terms and conditions and for the same period as she holds her estate of dower." It is evident that, under this statute, the widow does not take a definite vested interest in the real estate of her husband at the time of his decease, as she does in regard to dower proper. The particular amount to be set off is not fixed, but rests in the sound discretion of the Probate Court, in the first instance, and, on appeal, is subject to revision by this court, or by the jury, as the case may be.

*When* set off to her, she holds it "upon the same terms and conditions and for the same period as she holds her estate of dower." The determinate question therefore is, when was the real estate for which the plaintiff claims rent set off to her? We think it was when the decree of the Probate Court was affirmed by this court. Pub. Stat. R. I. cap. 181, § 7, provides that "in case any order, decree, or determination of any Court of Probate shall be appealed from, the operation of such order or decree shall be *suspended* until the same shall be affirmed by the Supreme Court." The suspension of a right in an estate is a partial extinguishment thereof, or an extinguishment for a time. It differs from an extinguishment in this: a suspended right may be revived, while one extinguished is absolutely dead. Bacon's Abridg. Extinguishment, A. Under this statute, therefore, it is clear that the decree appealed from in this case never became operative until affirmed by this court; and hence it necessarily follows that the plaintiff has no claim to any rents and profits which accrued prior to that time.

If it be said that this construction of the statute works a hardship upon the widow, by enabling the heirs at law of the estate to delay her proceedings, to their own advantage, by taking an appeal from the decree of the Probate Court, we can only reply that it is a hardship for which the statute provides no remedy. The statute gives her the right, in certain cases, to have something out of the estate in addition to dower; it provides a way by which it may be obtained, and it also provides that *when* obtained she holds it the same as she holds her estate of dower. It is not hers, in case an appeal is taken, until finally set off to her by a decree of this court. The demurrer must therefore be sustained.

We think the defendant's plea in bar should be overruled. The judgment set up therein was the judgment of this court affirming the decree of the Probate Court in the matter of the set-off of said real estate in addition to dower, without any reference to the rents and profits sued for in this action. Said judgment was not, therefore, any adjudication upon this claim.

*Benjamin N. Lapham & Charles E. Salisbury*, for plaintiff.
*Walter B. Vincent*, for defendant.